IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERI DAWSON,

    Plaintiff,

vs.                                           Case No. 16-cv-827-DRH-SCW

UNITED STATES OF AMERICA, SOUTHERN ILLINOIS
HEALTHCARE d/b/a MEMORIAL
HOSPITAL OF CARBONDALE, and
INTUITIVE SURGICAL, INC.,

    Defendants.

## ORDER

**HERNDON, District Judge:**

### INTRODUCTION

Presently before the Court is the United States' motion for summary judgment asking the Court to dismiss the plaintiff's claims against the United States for failure to exhaust administrative remedies (Doc. 6).[1] The plaintiff has failed to respond. Pursuant to Local Rule 7.1(c), plaintiff's failure to respond is deemed an admission of the merits of the motion. Based on the record and the following, the motion for summary judgment is **GRANTED.**

---

[1] The motion was initially filed on behalf of defendant Woo Hyun Sohn, M.D. On October 20, 2016, the Court dismissed defendant Woo Hyun Sohn and substituted the United States of America in his stead (in accord with the Federally Supported health Centers Assistance Act, 42 U.S.C. § 233) (Doc. 34).

## BACKGROUND

Plaintiff, Teri Dawson, originally filed this action in the Circuit Court of the First Judicial Circuit, Jackson County, Illinois (Doc. 1-1). The complaint asserts claims for negligence and negligent infliction of emotional distress as to defendant Sohn (Counts I and V); negligence and negligent infliction of emotional distress as to defendant Southern Illinois Healthcare d/b/a Memorial Hospital of Carbondale ("SIHS") (Counts II and V); and product liability, negligence, and negligent infliction of emotional distress as to defendant Intuitive Surgical, Inc. ("Intuitive") (Counts III, IV, and V).

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, commonly known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549U.S. 225, 229 127 S.Ct. 881, 887, 166 L.Ed.2d 819 (2007). Under the Westfall Act, when a federal employee is sued for wrongful conduct, the Attorney General has the authority to certify the employee was acting within the scope of his federal employment at the time of the incident. 28 U.S.C. § 2679(d)(1), (2). If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee. 28 U.S.C. § 2679(d)(1). Thereafter, the lawsuit is governed by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et seq*. If the action was filed in state court, the case must be removed to federal court. 28 U.S.C. § 2679(d)(2).

Although Dr. Sohn is not a federal employee, he is an employee of Shawnee Health Services and Development Corporation (Doc. 1-2 ¶ 6). At all times relevant, Shawnee Health Services and Development corporation was a deemed employee of the Public Health Service in accordance with the Federally Supported Health Centers Assistance Act ("FSHCAA") (Doc. 1-3).

The FSHCAA, like the Westfall Act, allows the government to remove from state court a medical malpractice action filed against a physician who is "deemed" to be a federal employee. *See* 42 U.S.C. § 233. Once a physician has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted as the defendant and the FTCA provides the exclusive remedy for the physician's negligence. *See* 42 U.S.C. § 233(c), (g).

Accordingly, in the instant case, the United States removed the entire action to federal court because Dr. Sohn was deemed to be a federal employee under the FSHCAA.[2] On October 20, 2016, in accord with 42 U.S.C. § 233, the Court substituted the United States as a defendant for Dr. Sohn (Doc. 33).

## MOTION FOR SUMMARY JUDGMENT

Plaintiff's only hope for recovery as to his claims against the United States is by way of the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et seq.* In order to recover under the FTCA, plaintiff must have first filed an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a).

---

[2] The United States Attorney for the Southern District of Illinois removed the action to this Court and filed a certification stating that, at the time of the alleged incident, Dr. Sohn was acting within the scope of his employment as a deemed employee of the United States (Doc. 1-4).

Failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Here, the failure-to-exhaust issue requires consideration of materials outside the complaint. Accordingly, the United States has filed a motion for summary judgment as opposed to a Rule 12 motion to dismiss. *See Gray v. United States,* 723 F.3d 795, 799 n. 1 (7th Cir. 2013) (In the context of the FTCA, failure to exhaust administrative remedies is a non-jurisdictional affirmative defense, and therefore, it would be inappropriate for the Court, on a motion pursuant to Rule 12, to consider materials outside the complaint).

In its motion for summary judgment, the government presents evidence demonstrating that the plaintiff has failed to exhaust (or even initiate) administrative remedies before filing the instant suit (Doc. 1-2 ¶ 4) (a search of records of the Claims Branch of the Department of Health and Human Services Showed no record of an administrative tort claim filed by plaintiff relating to Dr. Sohn). As noted above, the Court deems the plaintiff's failure to respond an admission on the merits of this fact.

In light of the plaintiff's failure to exhaust administrative remedies, the claims against the United States must be dismissed, without prejudice, for failure to exhaust administrative remedies. Accordingly, the motion for summary judgment is **GRANTED.** The claims as to the United States (Counts I and V) are dismissed, without prejudice, for failure to exhaust administrative remedies.

## JURISDICTION OVER REMAINING CLAIMS[3]

The dismissal of the claims against the United States disposes of all federal claims, leaving only state-law claims against Intuitive and SIHS. After reviewing the record, the Court is unable to discern whether diversity jurisdiction exists as to these claims.[4] However, as is explained below, because this is a certified Westfall action, it appears that an independent basis for jurisdiction as to these claims is unnecessary.

In a recent decision, the undersigned judge assessed whether the Court could retain jurisdiction over a certified Westfall Action when the United States was dismissed post-removal. *See Mitchell v. Alton Memorial Hospital,* 2016 WL

---

[3] The Court raises this matter *sua sponte* as part of the Court's independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 19 L.Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930–31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

[4] Intuitive is a Delaware corporation with it its principal place of business located in California. Accordingly, Intuitive is a citizen of both Delaware and California for purposes of federal diversity jurisdiction (Doc. 14 ¶ 4).

The complaint does not provide information sufficient to determine defendant Southern Illinois Healthcare d/b/a Memorial Hospital of Carbondale's state of residence (Doc. 1-1 ¶ 3). The complaint merely states that this defendant is authorized to and does conduct business in Jackson County, Illinois (Doc. 1-1 ¶ 3). In its Rule 7.1 Corporate Disclosure Statement, Southern Illinois Healthcare d/b/a Memorial Hospital of Carbondale states that its correct name is Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale (Southern Illinois *Healthcare* is the assumed name of Southern Illinois Hospital *Services*) (Doc. 26). Southern Illinois Healthcare Services states that Southern Illinois Healthcare Enterprises, Inc. is the sole member of Southern Illinois HealthCare Services (Doc. 26).

The complaint does not provide sufficient information for purposes of determining the plaintiff's state of citizenship (Doc. 1-1 ¶ 1). The complaint merely states that the plaintiff is a resident of Jackson County, Illinois (Doc. 1-1 ¶ 1).

1637978 (S.D. Ill. April 26, 2016) (Herndon, J.). In assessing this issue, the Court concluded it could retain jurisdiction over such a case – even if there is no diversity of the parties and no federal question is at issue – without offending Article III because a significant federal question arose at the outset of the litigation. *See Id.* at *2-*3 (relying on *Osborn v. Haley,* 549 U.S. 225, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007)[5] and *Alexander v. Mount Sinai Hosp. Medical Center*, 484 F.3d 889 (7th Cir. 2007). The Court also found the Supreme Court's decision in *Osborn* indicates that § 2679(d)(2) actually precludes the Court from remanding such an action. *Id.* (adopting the Ninth Circuit Court of Appeals' reasoning in *Dayton v. Alaska*, 584 Fed. Appx. 699, 699–700 (9th Cir. 2014)).[6]

Accordingly, it appears that this Court has jurisdiction over the remaining claims and may, in fact, be precluded from remanding this action to state court.

## STAY AND PENDING MOTION TO DISMISS

On August 10, 2016, the Court stayed proceedings on the merits in this matter until such time as the exhaustion of administrative remedies issue had

---

[5] In *Osborn*, the Supreme Court explained the Westfall Act changes the remand analysis: "Ordinarily…the federal district court undertakes a threshold inquiry" such as whether "complete diversity exists or whether the complaint raises a federal question." *Id*. But, in a certified Westfall Act case, "no threshold determination is called for; the Attorney General's certificate forecloses any jurisdictional inquiry." *Osborn*, 549 U.S. at 243. Applying this reasoning, the Supreme Court concluded a district could not remand a case that was removed under the Westfall Act even if the Attorney General's certification as to the replaced defendant was later found to be unwarranted. *Id.* at 241.

[6] The Ninth Circuit has broadly interpreted *Osborn* to prohibit remand in cases removed under the Westfall Act even where the United States has been dismissed as a party. *See Dayton v. Alaska,* 584 Fed. Appx. 699, 699–700 (9th Cir. 2014). In so holding, the Ninth Circuit reasoned that "if a district court cannot remand even when a certification is unwarranted, it would violate the 'anti-shuttling' policy purposes of the Westfall Act to allow for a district court to remand at a later date on other grounds." *Id*.at 700*.* Although not controlling, the undersigned found the reasoning in *Dayton* to be persuasive and consistent with related Seventh Circuit authority. *See Mitchell v. Alton Memorial Hospital*, 2016 WL 1637978 (S.D. Ill. April 26, 2016) (Herndon, J.).

been resolved (allowing for pleadings and discovery related to that issue and to the motion for substitution) (Doc. 27). This order resolves the exhaustion issue. Accordingly, **the stay is hereby lifted**. Further, a motion to dismiss is presently pending (Docs. 22 & 23). The Court **DIRECTS** the plaintiff to file a response to the pending motion to dismiss on or before **December 9, 2016**.

## CONCLUSION

The motion for summary judgment (Doc. 6) is **GRANTED**. The claims as to the United States (Counts I and V) are dismissed, without prejudice, for failure to exhaust administrative remedies. The stay of proceedings (Doc. 27) is **LIFTED**. The Court **DIRECTS** the plaintiff to file a response to the pending motion to dismiss (Docs. 22 & 23) on or before **December 9, 2016**.

**IT IS SO ORDERED.**

**Signed this 9th day of November, 2016.**

Digitally signed by
Judge David R.
Herndon
Date: 2016.11.09
10:40:23 -06'00'

**United States District Judge**