IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERI DAWSON,

    Plaintiff,

v.                                          No. 3:16-cv-00827-DRH-SCW

UNITED STATES OF AMERICA,
SOUTHERN ILLINOIS HEALTHCARE
d/b/a MEMORIAL HOSPITAL OF
CARBONDALE,
INTUITIVE SURGICAL, INC.,

    Defendants.

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant's motion to dismiss negligence Count II and negligent infliction of emotional distress Count V, pursuant to Fed. R. Civ. P. 12(b)(6); and, motion to strike pursuant to Fed. R. Civ. P. 12(f)(2) (Doc. 22). Plaintiff opposes (Doc. 38). Based on the following, defendant's motion is **GRANTED IN PART** and **DENIED IN PART** and plaintiff is granted leave to amend.

### I. BACKGROUND

Plaintiff Teri Dawson ("Dawson") originally filed this action in the Circuit Court of the First Judicial Circuit, Jackson County, Illinois (Doc. 1-1). She asserts claims for negligence and negligent infliction of emotional distress ("N.E.I.D") against Southern Illinois Healthcare d/b/a Memorial Hospital of Carbondale ("SIHS"), stemming from a surgical procedure that failed to properly

seal a port closure[1] resulting in herniation and small bowel obstruction. Following surgery, Dawson sustained severe abdominal complications from an incisional hernia, and suffered nausea, vomiting, diarrhea, and probable gastritis; and, now is diagnosed with posttraumatic stress disorder, depression, and anxiety—all of which require psychological counseling, and prescription of antidepressant medications. For relief, Dawson requests monetary damages and costs.

In defense, SIHS argues failure to sufficiently assert medical negligence and N.I.E.D. claims due to defective pleading (Doc. 22). Specifically, arguing that Dawson's required attorney's affidavit (Doc. 1-1 at 16-17), does not satisfy the pleading requirements of 735 ILL. COMP. STAT. 5/2-622(a)(1); and, declaring the complaint—as a whole—fails to support allegations of institutional negligence (Doc. 22). As a result, SIHS requests the Court dismiss negligence Count II and N.I.E.D. Count V pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (*Id.* at 3). In addition, SIHS contends that paragraph 34 and 35(a) & (d) of negligence Count II should be stricken because it owes no duty to ensure Dawson's safety or ensure doctors utilizing its facilities will not act negligently in caring for patients (*Id.* at 4); and, Count V should follow suit under Fed. R. Civ. P. 12(f)(2), because allegations in N.I.E.D. Count V mirror those in negligence Count II. (*Id.*).

---

[1] A "port" is a small implantable venous access device which is connected by a catheter to a patient's vein, and is used to administer intravenous (IV) medication.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(6)(b) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Notice pleading remains all that is required in a complaint, even though federal pleading standards were overhauled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further instruction on what a civil action must allege to endure 12(b)(6) dismissal. In *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Med. Benefit Admin. Grp., Inc.*, 639 F.3d 277, 281 (7th Cir. 2011).

**B. Rule 12(f)**

Under Rule 12(f) the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case and "remove unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Wiliams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating motions to strike will not be granted unless it appears to certainty that plaintiffs would succeed despite any state of facts which could be proved in support of defense and are inferable from pleadings).

**III. ANALYSIS**

SIHS maintains Dawson failed to establish the author of her medical report met requisite qualifications of 735 Ill. Comp. Stat. 5/2-622.[2] Dawson contends requirements specified in section 2-622 are inapplicable because her claims are based upon "institutional negligence" not "healing art malpractice;" and, even if section 2-622 applies, the documents attached to her complaint satisfy statutory prerequisites.

---

[2]As a preliminary matter, there are three factors the Court will consider in deciding whether Dawson's complaint is for malpractice—which requires an affidavit and medical report specified in section 2-622—or instead is one for ordinary negligence. *See Bommershbach v. Ruiz*, 461 F.Supp.2d 743, 753 (S.D. Ill. 2006) (citing *Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 355 Ill.App.3d 906, 823 N.E.2d 1055 (Ill. App. Ct. 2005)). Considering the factors, the Court concludes Dawson's complaint is for medical malpractice, and therefore section 2-622 requirements come into play.

### A. Healing Art Malpractice or Institutional Negligence

Section 2-622 requires an affidavit to be attached to the to the complaint in any action in which the plaintiff seeks damages for injuries by reason of medical, hospital, or healing art malpractice. 735 ILL. COMP. STAT. 5/2-622(a). "When construing a statute, [the] court's primary objective is to ascertain and give effect to the intent of the legislature." *Valfer v. Evanston Nw. Healthcare*, 2016 IL 119220, ¶22, 52 N.E.3d 319, 326 (Ill. 2016). The language used in the statute must be given its plain and ordinary meaning, *see Gillespie Cmty. Unit Sch. Dist. v. Wight & Co.*, 2014 IL 115330, ¶31, 4 N.E.3d 37, 44, and the statute should be construed in its entirety, thus words should not be viewed in insolation. *See Midstate Siding and Window Co., Inc. v. Rogers*, 204 Ill.2d 314, 320, 789 N.E.2d 1248, 1252 (Ill. 2003).

Whether Dawson's injury allegations for damages against SIHS are labeled "negligence," "institutional negligence," or "healing art malpractice," under the plain ordinary language of section 2-622, the fact remains, an affidavit declaring the affiant has consulted with and reviewed facts of the case with a medical professional must be attached to the complaint. *See* § 2-622.

### B. 5/2-622(a)(1) Procedural Defect

SIHS argues the affidavit failed to establish the author of the medical report possessed necessary qualifications pursuant to section 2-622(a)(1). Namely, failure to identify the profession of the reviewing health professional; and, failure to state whether the author of the report is a licensed physician. On the other hand, Dawson argues that section 2-622(a)(1) requirements are satisfied

because the affidavit certifies the reviewing health care professional is qualified, and the report describes Dawson's cause of injury in detail.

i. Section 2-622 Requirements

Section 2-622 contains a two-tiered list of requirements that must be met before Dawson may seek damages for injuries by reason of medical/hospital malpractice. *See id.* First, Dawson's attorney must file an affidavit declaring that she "has consulted and reviewed the facts of the case with a health professional who [Dawson's attorney] reasonably believes:

> (1) is knowledgeable in the relevant issues involved in the particular action; (2) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (3) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is reasonable and meritorious cause for the filing of such action; and that [Dawson's attorney] has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

*Id.* Next, the written report must be authored by a physician licensed to practice medicine in all its branches, must identify the profession of the reviewing health professional, and must clearly identify the plaintiff and the reasons for the reviewers determination that a reasonable meritorious cause for the action exists.[3] *See id.*

---

[3] The statute allows for omission of information that reveals the identity of the reviewing health professional. *See* § 2-622(a)(1).

ii. Motion to Dismiss Granted with Leave to Amend

SIHS is correct in that Dawson's affidavit—which lacks the identity of the profession and licensing of the reviewing health care professional—does not comply with statutory requirements for filing a medical malpractice action. *See Copeland v. Nw. Mem'l Hosp.*, 964 F. Supp. 1225, 1241-42 (N.D. Ill. 1997) (explaining medical malpractice plaintiff must file affidavit of merit and health care professionals report in compliance with § 2-622; and failure to file documents as required is cause for dismissal). "Therefore, the [C]ourt will not allow [Dawson's affidavit] to substitute for the required affidavit," *id.* at 1242, and as a result, SIHS' motion to dismiss is **GRANTED with Leave to Amend.**

iii. 2-622 Technical Pleading Does Not Bar Merits Of Claim

Although dismissal may be mandatory, "courts have discretion to dismiss with or without leave to amend." *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (citing *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill.2d 188, 193, 520 N.E.2d 293, 296 (Ill. 1987) (stating act of legislature would be absurd and unjust if court were without authority to permit amendments to add required affidavits)). Moreover, "[s]ection 2-622 is to be liberally construed and should not be used to deprive a plaintiff of a trial on the merits of a medical malpractice claim" because its technical pleading requirement is intended to deter frivolous lawsuits, not be used as a substantive defense. *Moscardini v. Neurosurg, S.C.*, 269 Ill.App.3d 329, 334-35 (Ill. App. Ct. 1994); *see also Sherrod*, 223 F.3d at 613-14 (explaining Illinois courts liberally construe affidavits of merit in favor of

plaintiff recognizing statute as tool to reduce frivolous lawsuits by requiring minimum amount of merit, not likelihood of success).

"A medical malpractice plaintiff should be allowed every opportunity to establish his case and amendments to such complaints should be liberally allowed; *technical rules should not bar the merits of a claim.*" Cookson v. Price, 393 Ill.App.3d 549, 552, 914 N.E.2d 229, 231 (Ill. App. Ct. 2009) (emphasis added). "[W]hen [an affidavit is] filed but fail[s] in some technical or minor respect, sound discretion also requires an opportunity to amend." Sherrod, 223 F.3d at 614. Therefore, Dawson is **GRANTED LEAVE TO AMEND** the affidavit in order to comply with statutory pleading requirements of section 2-622. See Cookson, 393 Ill.App.3d at 554[4] (explaining trial court abused discretion in dismissing plaintiff's complaint with prejudice rather than allowing leave to amend).

### C. Institutional Negligence and N.I.E.D. Claims

SIHS declares Dawson's claims of institutional negligence are actually allegations of "negligent credentialing" regarding the surgeon who performed Dawson's procedure. See Frigo v. Silver Cross Hosp. & Med. Ctr., 377 Ill.App.3d 43, 72, 876 N.E.2d 697, 723 (Ill. App. Ct. 2007) (stating elements for negligent credentialing are: (1) proof hospital failed to meet standard of reasonable care in selection of physician it granted medical staff privileges to whose treatment

---

[4] Further explaining "[t]o bar a plaintiff from amending his or her affidavits and corresponding report would elevate the pleading requirements set forth in section 2-622 to a substantive defense contrary to both the spirt and purpose of the statute"; the statute's purpose is furthered by allowing plaintiffs to amend their complaint to include affidavit and medical report.

provided basis for underlying medical malpractice claim; (2) proof physician breached applicable standard of care while practicing under negligently granted medical staff privileges; and (3) proof negligent granting of medical staff privileges was proximate cause of plaintiff's injuries).

Contrariwise, hospitals may be held liable for institutional negligence based on breach of an independent duty to assume responsibility for care of patients. *See Jones v. Chicago HMO Ltd. of Ill.*, 191 Ill.2d 278, 291, 730 N.E.2d 1119, 1128 (Ill. 2000). In order to fulfill the duty to assume patient care responsibility, a hospital "must conform to the legal standard of 'reasonable conduct' in light of the apparent risk;" *i.e.*, "act as would a 'reasonably careful' hospital under circumstances similar to those shown by the evidence."[5] *Advicula v. United Blood Servs.*, 176 Ill.2d 1, 29, 678 N.E.2d 1009, 1023 (Ill. 1996). In recognizing institutional negligence, common law negligence is applied to hospitals in a way that comports with the broad scope of operations. *See Chicago HMO Ltd.*, 191 Ill.2d at 292. "The elements of a negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach." *Id.* at 294 (stating that standard of care falls within duty element); *see also Buechel v. United States*, 746 F.3d 753, 763-64 (7th Cir. 2014).

Dawson satisfies the standard for sufficiently pleading an institutional negligence claim by alleging: (1) SIHS had a duty to ensure Dawson received proper medical care; (2) SIHS breached the standard of care by failing to properly

---

[5] A hospital's conduct is measured by what a lay person considers reasonable under the circumstances when determining "reasonableness." *See Advincula*, 176 Ill.2d, at 29.

train or ensure proper training for its doctors on how to utilize a robotic surgical device; and (3) Dawson suffered pain, bleeding, disability, additional surgeries, and mental anguish as a direct and proximate result of SIHS' breach of applicable medical care. Absent from Dawson's allegations are claims of failure of reasonable care *in selecting physicians whom medical staff privileges are issue*d. Accordingly, Dawson's institutional negligence claim against SIHS survives Rule 12(b)(6) scrutiny.

Similarly, the N.I.E.D. claim survives SIHS' motion to dismiss. "Illinois courts treat claims by direct victims of negligent infliction of emotional distress under the same approach used for standard negligence claims." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 703 (7th Cir. 2009) (citing *Corgan v. Muehling*, 143 Ill.2d 296, 306, 574 N.E.2d 602, 606 (Ill. 1991). The only difference in distinguishing a claim for N.E.I.D. is that the alleged injury may be solely emotional. *See id.* Dawson sufficiently alleges that SIHS had a duty to prohibit the conduct in question; breached the duty of care by failing to act to stop the alleged conduct; and, as a proximate result of the breach, suffered and is presently suffering from severe emotional distress, humiliation, and anguish. *See id.* (citing *Parks v. Kownacki*, 193 Ill.2d 164, 181, 737 N.E.2d 287, 296-97 (Ill. 2000) (stating to maintain claim of N.I.E.D., plaintiff must allege defendant owed duty to plaintiff, duty was breached, and plaintiff's injury was proximately caused by breach)).

### D. Motion to Strike Denied

Finally, SIHS moves to strike paragraphs 34 and 35(a) & (d) of Dawson's complaint pursuant to Fed. R. Civ. P. 12(f)(2) on the ground that it had no standalone duty to assume responsibility for care of its patients under an institutional negligence theory.  Nevertheless, "[s]ince the landmark decision of *Darling v. Charleston Community Memorial Hospital*, 33 Ill.2d 326, 211 N.E.2d 253 (1965), Illinois has recognized that *hospitals* may be held liable for institutional negligence," *Chicago HMO Ltd.*, 191 Ill.2d at 291, and "*Darling* acknowledged an independent duty of hospitals to assume responsibility for the care of their patients." *Id.*  Therefore SIHS' motion to strike is **DENIED.**

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the motion to dismiss, and **DENIES** the motion to strike pursuant to Rules 12(b)(6) and 12(f)(2) respectively.  The Court **GRANTS** plaintiff **LEAVE** until **April 4, 2017,** to file an amended complaint and affidavit and medical report in accordance with 735 Ill. Comp. Stat. 5/2-622.

**IT IS SO ORDERED.**

Signed this 14th day of March, 2017.

*/s/ David R. Herndon*

Judge Herndon
2017.03.14 06:30:43 -05'00'

**UNITED STATES DISTRICT JUDGE**