# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERI DAWSON,

    Plaintiff,

v.                                          No. 16-cv-00827-DRH-SCW

UNITED STATES OF AMERICA,
SOUTHERN ILLINOIS HEALTHCARE d/b/a
MEMORIAL HOSPITAL OF
CARBONDALE and INTUITIVE
SURGICAL, INC.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is defendant, United States of America's, Motion for Summary Judgment, asking the Court to dismiss plaintiff's claims against the government for failure to exhaust administrative remedies (doc. 83). Plaintiff opposes the motion (doc. 96). Based on the following, the Motion for Summary Judgment is **GRANTED** as to the claims against the government.

### I.     BACKGROUND

**A. Second Amended Complaint**

As it pertains to defendant, United States of America, plaintiff Teri Dawson asserts in her second amended complaint claims for negligence (Count I) and negligent infliction of emotional distress (Count V). [Doc. 68]. These allegations

stem from plaintiff's April 21, 2014 robot-assisted hysterectomy performed by Dr. Sohn, an employee of the United States at all relevant times, at Memorial Hospital of Carbondale. *Id*. at ¶¶ 3; 11. Plaintiff underwent the hysterectomy procedure to relieve pain and symptoms relating to post-menopausal bleeding and frequent urinary tract infections, among other ailments. *Id.* at ¶ 8.

Shortly after the procedure was performed, plaintiff continued to suffer from abdominal pain and returned to Memorial Hospital of Carbondale to have a CT performed. *Id*. at ¶ 15. The CT scan "revealed a small bowel loop herniating through the abdominal wall." *Id*. at ¶ 17. Due to the results of the CT scan, Ms. Dawson underwent a hernia repair on May 3, 2014, performed by Dr. Satyadeep Bhattacharya. *Id*. at ¶ 18. Per plaintiff's allegations, Dr. Bhattacharya stated the small bowel loop "was a possible herniation through the site of [the hysterectomy] surgery." *Id*. at ¶ 17. Plaintiff was discharged from the hospital in stable conditions on May 7, 2014 (*id*. at ¶ 22), however has continued to experience a myriad of symptoms related to her abdominal issues and also claims she has "suffered from posttraumatic stress disorder [and] depression and anxiety." *Id*. at ¶ 28.

Plaintiff alleges that Dr. Sohn, as an employee of the United States[1], deviated from the accepted standard of care when he performed her robot-assisted hysterectomy, and that the continued pain and medical issues she has faced since the surgery are a result of this negligence. *See id*. at ¶¶ 32-33; 79.

---

[1] Dr. Sohn was not a federal employee, but rather an employee of Shawnee Health Services and Development Corporation. At all times relevant, Shawnee Health Services and Development Corporation was deemed an employee of the Public Health Service and eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Doc. 83 at 1.

Accordingly, plaintiff seeks monetary damages and any further relief the Court deems necessary and appropriate.

**B. Government's Motion for Summary Judgment**

The government filed its motion for summary judgment on November 21, 2017 (doc. 83). Succinctly, the government argues that summary judgment should be granted because Ms. Dawson has not exhausted her administrative remedies prior to filing suit against the United States, as required by 28 U.S.C. § 2675(a)[2]. *See generally* doc. 83 at 4-8. The government argues that for an administrative claim to be properly submitted under 28 U.S.C. § 2675(a), the law requires that Standard Form 95 be presented to the appropriate Federal agency, here, the Department of Health and Human Services ("HHS"), with signature by the claimant, or by an authorized representative of the claimant *with* evidence of such authority. Plaintiff Dawson's Standard Form 95, submitted on September 15, 2016, contains the signature of her attorney, Ms. Carla Aikens. *Id*. at 7.

The government contends that evidence of Ms. Aikens' authority to represent plaintiff in her administrative claim never materialized prior to denial of plaintiff's claim by HHS and Ms. Aikens' addition of the United States into plaintiff's complaint on April 4, 2017, despite multiple requests by HHS to verify the authority. *Id*. at 7-8. These actions frustrated the process of settlement that

---

[2] An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

3

the administrative demand is designed to initiate. *Id*. at 8; *Kanar v. United States*, 118 F.3d 527 (7th Cir. 1997). Accordingly, it is the government's stance that HHS was never presented a chance to meaningfully consider plaintiff's claim resulting in plaintiff failing to exhaust her administrative remedies, such that the United States must now be dismissed from the matter.

In opposition, plaintiff contends that she was under the belief that HHS had all the evidence it needed that Ms. Aikens was proceeding with the administrative claim in proper authority. Plaintiff admits she received a request from HHS to provide evidence that Ms. Aikens' had authority to represent plaintiff in the administrative matter (doc. 96 at 3) however, received no further information regarding what properly constituted such evidence despite numerous phone calls between the law office of Carla Aikens, P.C. and the HHS agents assigned to plaintiff's claim. Specifically, plaintiff alleges that only plaintiff's medical records were ever requested from HHS (*id*. at 4) such that those records, and a copy of the complaint filed in the case at bar, were the materials Ms. Aikens presented to HHS.

In the alternative, or perhaps as an aside, plaintiff's opposition seems to argue that even if compliance with HHS' request for documentation to prove Ms. Aikens' authority to represent plaintiff in the administrative matter was not met, the purpose of requiring such administrative routes is to provide the government with "sufficient notice to investigate the claim and prepare for settlement negotiations[.]" *Id*. at 11. Plaintiff contests that the materials submitted to HHS,

accompanied by numerous phone calls between HHS agents and plaintiff's attorney's office, constitute proper notice of her claim such that her administrative remedies had been exhausted prior to the United States being added as party to the instant lawsuit. *Id*.

## II. STANDARD OF LAW

In order to recover under the Federal Tort Claims Act ("FTCA"), plaintiff must have first filed an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). Failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Here, the failure-to-exhaust issue requires consideration of materials outside the complaint. Accordingly, the United States has filed a motion for summary judgment as opposed to a Rule 12 motion to dismiss. *See Gray v. United States*, 723 F.3d 795, 799 n. 1 (7th Cir. 2013) (In the context of the FTCA, failure to exhaust administrative remedies is a non-jurisdictional affirmative defense, and therefore, it would be inappropriate for the Court, on a motion pursuant to Rule 12, to consider materials outside the complaint).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A court must construe the pleadings and other evidentiary material in the record in the light most favorable to the non-moving party. *Goelzer v. Sheboygan Cty.*, 604 F.3d 987, 992 (7th Cir. 2010).

However, the non-moving party must present competent evidence in the face of the motion's charges to successfully overcome the motion. *Vukadinovich v. Board of Sch. Tr. of North Newton Sch. Corp.,* 278 F.3d 693, 699 (7th Cir.2002).

## III. ANALYSIS

The Court agrees with the government that based on the following, plaintiff Dawson has failed to exhaust her administrative remedies prior to filing suit against the United States of America. As such, the motion for summary judgment (doc. 83) shall be granted.

### A. A Properly Submitted Administrative Claim Requires the Signature of the Claimant or Authorized Representative of the Claimant with Evidence of Such Authority

As discussed above, before one can file a claim against the United States for monetary damages, as plaintiff has done here, the claim must first be presented to the appropriate Federal agency. *See* 28 U.S.C. § 2675(a). To be considered "presented" to HHS, the appropriate Federal agency in this case, a complete Standard Form 95 (or other written notification of the incident), along with a claim for money damages in a sum certain must be completed. 45 C.F.R. § 35.2(a). Standard Form 95 must be presented by "the injured person, his duly authorized agent, or legal representative." 28 C.F.R. § 14.3(b). If one other than the injured party submits and signs the form, evidence of one's authority to do so on behalf of the injured must accompany the form. 45 C.F.R. § 35.3(e). Lack of such evidence amounts to an incomplete Standard Form 95, *and* lack of a properly presented administrative claim. *Kanar*, 118 F.3d at 531.

Here, a Standard Form 95 was appropriately submitted to HHS as the proper federal agency on September 15, 2016, and it sought a sum certain of $3,000,000 for the alleged substandard robot-assisted hysterectomy. However, plaintiff Dawson did not present the form, her attorney, Carla Aikens, did. Thus, Ms. Aikens was under an obligation to submit evidence of her authority to present the claim on behalf of plaintiff. This Court is of the opinion that this obligation was never fulfilled.

Some eleven days after the filing of the administrative claim, HHS responded to Ms. Aikens, requesting evidence of her authority to represent plaintiff Dawson. Doc. 67, ¶ 5; Doc. 83, Ex. 2. HHS requested this information, among other material, within 15 days of receipt of the letter. At the end of the correspondence, a warning was included which stated,

> [A] claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim. **Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted**[.]

Doc. 83, Ex. 2 (emphasis added).

HHS did not receive a response to this letter.

On February 16, 2017, HHS sent a second, follow-up letter requesting the needed substantiating evidence of plaintiff Dawson's administrative claim. Doc. 83, Ex. 3. This letter contained the same warning regarding failure to exhaust if the request was not complied with. On March 17, 2017, the law offices of Ms.

Aikens acknowledged HHS' demands in part, by providing a copy of plaintiff Dawson's state court complaint and medical records. No further information was provided, namely evidence of Ms. Aikens' authority to sign the claim form on behalf of plaintiff Dawson.

In defense, plaintiff alleges she believed she was compliant with the administrative tort claim process based on numerous phone calls made between the law office of Ms. Aikens and the HHS agents assigned to plaintiff Dawson's claim. Specifically, in response to HHS' original September 2016 letter request, plaintiff argues she spoke with an HHS representative on January 4, 2016 who indicated that the matter was under review and that the agency had six months to review the same. Doc. 96 at 3. Plaintiff does not explain why it took over three months to even initiate action on behalf of the administrative claim and the Court is left wanting to understand how such a phone call would negate the written requests of HHS.[3]

Plaintiff continues in her argument that she believes she was in compliance, by stating that the second request letter from HHS, dated February 16, 2017, did not even mention the need of evidence proving Ms. Aikens' authority to present plaintiff Dawson's claim. *Id*. at 4. While this may be a true statement on its face, it twists reality. HHS's second request letter clearly reiterates its need for the evidence and materials it requested previously in September 2016. Pointedly, the

---

[3] The Court is also left with questions as to why - if numerous phone calls took place between plaintiff's counsel and HHS agents - why no inquiries were made into whether or not the agency had the appropriate materials that had been requested by the letter notifications. Neither is there any indication that Ms. Aikens attempted to research the answer to pending issue.

HHS letter states: "On September 26, 2016, this office acknowledged receipt of your client's administrative tort claim and requested substantiating evidence necessary in order to evaluate your client's administrative tort claim for damages. As of this date, no response has been received. Should your client wish to have evidence pertinent to her allegations be considered, please forward the documents to this office[.]" To assert that evidence of Ms. Aikens' authority to submit a claim form on behalf of plaintiff Dawson was not requested by HHS in its follow-up letter borders on a lie to this Court. Clearly, plaintiff was given multiple chances to submit the proper documentation and fully exhaust her administrative remedies, to which she ignored her opportunities.

Instead, on April 4, 2017, after six months and the administrative review period elapsed without a judgment by HHS, plaintiff amended her complaint to add the United States of America as a defendant. Doc. 46. Due to this maneuver, HHS denied the administrative claim on May 16, 2017. Doc. 83, Ex. 4. This was not a denial on the merits[4], but rather a denial due to the United States being added as a party to the underlying litigation.

The facts of this case closely mirror those of *Kanar*, in which an attorney submitted an administrative claim on behalf of a client without evidence of his authority to do so. 118 F.3d at 528. As it did with Ms. Aikens, the agency sent notice to the attorney requesting evidence of his authority to present a claim on behalf of Kanar. *Id*. And as here, the request went unheeded and the claim file

---

[4] In addressing Ms. Aikens in the denial letter, HHS even calls plaintiff Dawson the "ostensible client" of Ms. Aikens, further proving that the matter never had the opportunity to be fully reviewed.

9

was closed. In reviewing the suit, the Seventh Circuit opined that a deviation from the claim processing regulations will defeat an FTCA lawsuit if it "frustrate[s] the process of conciliation and settlement that the administrative demand is supposed to initiate." *Id.* at 530-31. Further, a lawyer's refusal to comply and submit a completed in full claim form, gave the district court latitude to dismiss the case. *Id*. As in *Kanar*, the Court agrees that Ms. Aikens' failure to comply with the administrative claims process frustrated the purpose of the exhaustion requirement.

### B. Failure to Comply with the Administrative Claims Process Frustrates the Spirit of Settlement and Desire to Settle Claims Outside of Court

Despite the overall tone of plaintiff's brief in which she presents that the administrative process was always intended by her to just be a means to an end to include the United States as a defendant in her lawsuit, such treatment as a pro forma procedure was never the intention of the administrative process. As defendant points out, the legislative history of the FTCA "suggest[s] the virtues of the administrative process." Donald N. Zillman, *Presenting a Claim Under the Federal Tort Claims Act,* 43 L.A. L. Rev. 961, 965 (1983). As opposed to just creating a barrier that must be first crossed in order to achieve the ultimate goal of reaching the court system, the administrative process instead is intended to ease court congestion and promote more efficient settlement. *See McNeil,* 508 U.S. at 112, n.7 ("[T]he FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise of the claim and permit settlement of meritorious claims."). Accordingly, failure to

adequately comply with the administrative process is not simply a mere technicality that should be overlooked, particularly the failure here: ignoring evidentiary requests from the HHS that a claim is being brought by one with proper authority. The Court agrees with defendant that it would be "an enormous waste of scarce government resources" for HHS agents to begin the review process of an administrative claim and put valuable time and effort into evaluating the grievance, to only find later that the individual presenting the claim had no standing to do so. Doc. 83 at 6.

Ms. Aikens' failure to provide evidence of her authority to submit an administrative claim on behalf of plaintiff Dawson prevented the HHS from meaningfully considering and evaluating the claim. The lack of ability to properly consider the claim indeed frustrated the purpose of the exhaustion requirement; HHS was not able to investigate nor resolve the matter administratively, if possible, due to the lack of compliance with the administrative process. Notably, this failure to comply seems rooted not in a simple ignorance of the process, but rather a purposeful intent as demonstrated numerous times throughout plaintiff's response to the motion. *See e.g.* doc. 96 at 8 ("All parties and the Court were aware that Plaintiff had to file the claim as a formality because Dr. Sohn, through counsel, claimed that he worked for the federal government"); *id.* at 8 ("It was clear to all that the parties were waiting for the government to issue the FTCA equivalent of a 'right to sue letter' . . . so that this litigation could proceed"); *id*. at 11 ("as was always the plan when the Court and the parties discussed that

Plaintiff would file the FTCA claim because of the substitution of Dr. Sohn as a defendant, Plaintiff's claim is ripe for litigation.").

Clearly, plaintiff never intended to use the administrative process as it was contemplated by the law and federal regulations. Plaintiff's actions frustrated the purpose of the exhaustion requirement such that she has not exhausted her administrative remedies and the United States' motion for summary judgment (doc. 83) should be granted.

### IV. CONCLUSION

Due to the failure to properly present a claim to HHS under 28 U.S.C. § 2675(a) and the corresponding regulations, plaintiff has frustrated the settlement process that the administrative demand is aimed to initiate. Accordingly, plaintiff has failed to exhaust her administrative remedies prior to naming the government as a party in the present lawsuit. Thus, summary judgment is appropriately **GRANTED** in favor of the United States of America and against plaintiff Teri Dawson. The Clerk of the Court shall enter judgment accordingly at the close of the case.

**IT IS SO ORDERED**.

Judge Herndon
2018.05.22
08:38:32 -05'00'

United States District Judge