IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERI DAWSON

Plaintiff,

v.     No. 16-827-DRH-SCW

UNITED STATES OF AMERICA, SOUTHERN
ILLINOIS HEALTHCARE d/b/a MEMORIAL
HOSPITAL OF CARBONDALE, and
INTUITIVE SURGICAL, INC.,

Defendants.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendant Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale's ("Memorial Hospital") motion to remand (doc. 120). Based on the following, the Court finds that it lacks subject matter jurisdiction, grants the motion to remand and remands this matter to the Jackson County, Illinois Circuit Court.

On July 21, 2016, dismissed defendants United States of America and Dr. Woo Hyun Sohn removed this matter to this Court based on 42 U.S.C. § 233, the Federally Supported Health Centers Assistance Act ("FSHCAA") (doc. 1). The dispute arises out of an alleged defective robot-assisted hysterectomy underwent by plaintiff on April 25, 2014, at Memorial Hospital. Plaintiff asserts the surgery was performed deviant to the applicable standard of medical care in that she has suffered from numerous ailments and maladies post-surgery, all related to the

1

botched procedure.

On November 21, 2017, then defendant United States of America, substituted for Dr. Woo Hyun Sohn under the FSHCAA (doc. 33), moved for summary judgment due to plaintiff's failure to exhaust her administrative remedies prior to adding the United States as a party to her case (doc. 83). The Court granted the motion, with prejudice, on May 22, 2018 (doc 116). Accordingly, only defendants Memorial Hospital and Intuitive Surgical, Inc. remain in the litigation. The question before the Court thus, is whether the Court retains jurisdiction over the remaining state law claims when the government is no longer a party in a suit removed and brought to federal court via 42 U.S.C. § 233. The Court answers in the negative.

## ANALYSIS

### A. Westfall Act v. Federally Supported Health Centers Assistance Act

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Here, 42 U.S.C. § 233, the FSHCAA, bestowed jurisdiction on this Court when it was removed to the Southern District of Illinois. Under section 233(a), a Federal Tort Claims Act ("FTCA") lawsuit against the United States is the sole remedy "for damage or personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any

commissioner officer or employee of the Public Health Service while acting within the scope of his office or employment." Under the FSHCAA, entities and individuals are "deemed" to be employees of the Public Health Service solely for purposes of the remedy described above in section 233(a). At all relevant times to the allegations in the second amended complaint, Dr. Sohn was an employee of Shawnee Health Service and Development Corporation, and Shawnee Health Service and Development Corporation was a deemed employee of the Public Health Service in accordance with the FSHCAA. *See* 42 U.S.C. § 233(g)-(n). Additionally, the United States Attorney certified that Shawnee Health Service and Development Corporation was a deemed federal entity and that Dr. Sohn was acting within the scope of his deemed employment as an employee of the Public Health Service at the time of the alleged incident. *See* Certification of Scope of Employment (doc. 1, ex. C). In such cases, "[u]pon certification by the Attorney General[1] that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any civil action or proceeding commenced in a State court shall be removed . . . to the district court of the United States[.]" 42 U.S.C. § 233(c).

In the Notice of Removal (doc. 1), the FSHCAA is the only provision cited as grounds for removal and plainly states that "this action is removable pursuant to 42 U.S.C. § 233." *Id*. at 3. The Court is aware that previously, in its November 9, 2016 Order, it *sua sponte* addressed jurisdiction and labeled the underlying

---

[1] A United States Attorney is permitted to issue such certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4 (a).

3

matter a "Westfall action" pursuant to 28 U.S.C. § 2679.  *See* doc. 35 at 5.  This label was in error.  Under the Westfall Act, federal employees are offered absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.  *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  Dr. Sohn however, was not a federal employee, he was a deemed employee of the Public Health Service under the provisions of the FSHCAA.  While both the Westfall and FSCHCA Acts behave similarly in their allowance for the substitution of the United States as a defendant and providing remedies against the United States for certain wrongful conduct, they are not one in the same; particularly, when it comes to their removal/remand provisions.

Importantly, a case brought pursuant to § 2679, when properly certified, establishes conclusive federal jurisdiction, even if the United States is later dismissed.  *See* 28 U.S.C. § 2679 (d); *see also Mitchell v. Alton Memorial Hospital*, 2016 WL 1637978, *2 (S.D. Ill. Apr. 26, 2016) (Herndon) ("The Westfall Act changes the remand analysis.  Because the Westfall Act makes the Attorney General's certification conclusive for removal purposes, certified Westfall cases differ 'from the typical case remanded for want of subject-matter jurisdiction'") (internal citation omitted).  That is not true of the FSHCAA.  Under the FSHCAA, if an action is not available against the United States, as is the case here, then the "case **shall** be remanded to the State Court[.]"  42 U.S.C. § 233(c) (emphasis added).  So, while similar, the Acts are interpreted as two separate statutes that

4

have very different consequences when claims are no longer viable against the United States.

Regarding the FSHCAA, section 233(a) makes the remedy against the United States under the FTCA exclusive of any other civil action claiming damages due to injury stemming from a Public Health Service employee's alleged negligence. It is an act of limited scope applying only to those deemed employees of the Public Health Service. The broader reaching coverage of the Westfall Act, applying to "employees of the government," does not overlap with the provisions of the FSHCAA. *See Hui v. Castaneda*, 599 U.S. 799, 800 (2010) ("Because § 233(a) refers only to '[t]he *remedy* ... provided by [the FTCA] (emphasis added), only those portions of the FTCA that establish its remedy are incorporated by § 233(a)[.] . . . Section 2679(b) [the Westfall Act] is not such a provision."). As such, it is futile to try and argue that the remand provisions of Westfall may be incorporated here as to keep the case in federal court. *See id*. at 800-01 (explaining that to layer all of the FTCA's procedures contained in the Westfall Act, section 2679, into 42 U.S.C. § 233(a), would be to effectively imply a repeal of the FSHCAA and "[r]epeals by implication are not favored and will not be presumed absent a clear and manifest legislative intent to repeal. Nothing suggests that Congress intended §2679(b) to repeal §233(a)'s more comprehensive immunity") (internal citation omitted).

Accordingly, as to the underlying litigation, the Court is governed by 42 U.S.C. § 233. Section 233 provides the sole and exclusive means for bringing

claims for personal injury against the United States when, as here, the offending physician was employed by a deemed employee of the Public Health Service and was certified acting within the scope of his employment at the time of the incident. This case is unlike others in which the Westfall and FSHCAA Acts are both implicated upon removal.

For example, in *Alexander v. Mount Sinai Hosp. Medical Center*, while the Attorney General made his certifications pursuant to section 233, the United States invoked both section 233 and section 2679 upon removal. 484 F.3d 889, 896 (7th Cir. 2007). In discussing subject matter jurisdiction, the Seventh Circuit ruled that under section 233, parties cannot challenge such certification and under section 2679(d), the certification is conclusive for purposes of removal. *Id*. at 897. Thus, because of the invocation of the Westfall Act in the notice of removal, the case was properly in federal court. *See id.* at 896, referencing *Osborn v. Haley*, 549 U.S. 225 (2007) for its proposition that subject matter jurisdiction exists indefinitely under section 2679 once proper certifications are made ("In the instant case, the Attorney General certified pursuant to section 233 that Sinai was a federally funded health center and that Dr. Onyema was acting within the scope of his employment at Sinai at the time of the incidents giving rise to the complaint. In the notice of removal, the United States invoked both section 233 and section 2679(d)(2). **Given the invocation of section 2679(d)(2)**, the very section the Supreme Court analyzed in *Osborn,* the question of subject matter jurisdiction has been answered [affirmatively] by *Osborn.*") (emphasis

added).  Here, the Westfall Act is not implicated – only section 233 - and accordingly, the Court is not bound by the subject matter jurisdiction analysis prompted by Westfall's provisions.  Rather, the Court is bound by the provision of 42 U.S.C. § 233(c) which states that when "a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court[.]"

As a result of the above analysis, the Court no longer finds a federal question to support jurisdiction after its dismissal of the United States in its May 22, 2018 Order.   Thus, the Court turns to alternative avenues to provide federal jurisdiction.

### B.  No Finding of Diversity of Citizenship

Federal jurisdiction is proper under 28 U.S.C. § 1332 when there is complete diversity of the parties and the amount in controversy exceeds $75,000.  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Corporations are deemed to be citizens of every state where they are incorporated, and where they have their principal place of business.  28 U.S.C. § 1332(c).  Individuals are citizens of the state in which they are domiciled.  One's domicile is the place where a person intends to remain.  *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

In this litigation, plaintiff does not plead damages in excess of $75,000.  Plaintiff does plead she, at all relevant times, was a resident of Jackson County,

Illinois and that defendant Memorial Hospital is authorized to, and does, conduct business in Jackson County, Illinois. Doc. 68 at 2. To elaborate, in plaintiff's deposition, she testified that she has lived in Carbondale, Illinois for almost ten years, has been employed in Illinois by two separate businesses, and has benefitted from Illinois resources, including representation by Land of Lincoln attorneys, a group that provides legal services solely to Illinois residents. *See* doc. 120, ex. A Pl. depo at p. 5; 9-12; 15; http://lollaf.org/. As a result of these facts, the Court is inclined to deem plaintiff a citizen of Illinois for purposes of 28 U.S.C. § 1332.

Defendant Memorial Hospital is owned and operated by Southern Illinois Hospital Services which is incorporated in Illinois and has its principal place of business in Carbondale, Illinois. *See* doc. 120, ex. B. Accordingly, there is a lack of complete diversity as plaintiff and at least one defendant are citizens of the same State. Thus, the Court does not have jurisdiction under 28 U.S.C. § 1332.

### C. Supplemental Jurisdiction Cannot be Invoked to Support Jurisdiction Under the Facts of this Case

Pursuant to 28 U.S.C. § 1367, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" This is true unless expressly provided otherwise by a federal statute. *Id.* Here, the FSHCAA, 42 U.S.C. § 322, does expressly provide otherwise. Per section 322(c), once a claim no longer lies against the United States, the case "shall be

remanded to the State Court[.]" The use of the word "shall" indicates a mandatory remand provision. *See Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (explaining that use of the mandatory "shall", "creates an obligation impervious to judicial discretion") (internal citation omitted); *see also Judge v. Quinn*, 612 F.3d 537, 547 (7th Cir.), *opinion amended on denial of reh'g,* 387 F. App'x 629 (7th Cir. 2010).

Consequently, section 233 does not allow for the exercise of supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

Per the above analysis, the Court does not have subject matter jurisdiction and must remand the case to State Court. Accordingly, Memorial Hospital's Motion to Remand (doc. 120) is **GRANTED**. Because the Court lacks subject matter jurisdiction over plaintiff's cause of action, the Court **REMANDS** this case to the Jackson County, Illinois Circuit Court.

**IT IS SO ORDERED.**

*[Signature: David R. Herndon]*

Judge Herndon
2018.05.31
14:48:17 -05'00'

**United States District Judge**

9